# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50768
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2026

Lyle W. Cayce
Clerk

Norman Tarver,

*Plaintiff—Appellant*,

*versus*

First Student, Incorporated,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-853

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Norman Tarver, appearing pro se and in forma pauperis, brought this Title VII retaliation suit against Defendant-Appellee First Student Inc., his former employer. A magistrate judge screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended the suit be dismissed for failure to state a claim. The magistrate judge observed

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50768

that Tarver alleges he was a school bus monitor and was subject to various adverse employment actions after he reported co-workers for unsafely operating a school bus. Even crediting Tarver's allegations, the magistrate judge explained that reporting safety violations is not "protected activity" capable of supporting a retaliation claim.[1] Title VII only prohibits retaliation against an employee for opposing a practice "made [] unlawful" by the statute *itself*, such as race or gender-based discrimination.[2]   Because workplace safety violations are not made unlawful by Title VII, no cause of action for retaliation is available under the statute where an employee opposes such practices. Tarver did not object to the report of the magistrate judge. Finding no clear error, the district court adopted the report.

On appeal, Tarver offers reasons for his failure to timely object to the magistrate judge's report and recommendation, re-alleges the factual basis of his complaint, and criticizes the lack of resources available to pro se litigants. But he does not address the district court's reasoning for dismissing his claim: that as a matter of law, his report of unsafe work practices is not cognizable "protected activity" under Title VII. We agree with the district court's holding. And regardless, Tarver has forfeited review by failing to engage with the district court's analysis.[3]

AFFIRMED.

---

[1] The court cited *Washington v. M Hanna Construction, Inc.*, in which we held that a plaintiff who reported his employer for OSHA violations did not engage in "protected activity" for purposes of Title VII. 299 F. App'x 399, 401 (5th Cir. 2008) (per curiam).

[2] *See* 42 U.S.C. § 2000e–3(a).

[3] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").